IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 06-mj-01101

UNITED STATES OF AMERICA,

Plaintiff,

v.

BROCK PURVIANCE,

Defendant.

___

**ORDER OF DETENTION PENDING TRIAL**
___

THIS MATTER came before me for a detention hearing on May 25, 2006. I have reviewed the Pretrial Services report, received evidence and proffers, and heard the arguments of counsel.

I find that clear and convincing evidence establishes that the defendant poses a risk to the safety of the community based on the following:

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person and the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (b) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant has been charged under 18 U.S.C. § 2423(b) with travel with intent to engage in illicit sexual conduct.

I find based on the defendant's history and personal characteristics that no condition or combination of conditions will reasonably assure the safety of the community. There is substantial evidence that the defendant has engaged in sexual conduct, including sexual intercourse, with

2

young girls under the age of 18 years. These victims are especially vulnerable targets. The defendant's contact with these young girls has taken many forms, including the use of computers, cell phones, and in person.

After considering all appropriate factors, I conclude that clear and convincing evidence establishes that no condition or combination of conditions of release will reasonably assure the safety of the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceedings.

Dated May 25, 2006.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge