NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tele:(907) 271-5071
Fax: (907) 271-1500
e-mail: audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-040-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| BROCK JON PURVIANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled for Wednesday, January 3, 2007, at 8:30 a.m.

The government is unclear about whether the defendant will persist in his unsuccessful objections to the Presentence Report. Should the defendant deny the evidence of his prior conduct with C.A. or T.W. set forth in ¶¶ 53-60, and 61-69, the government will request an opportunity to present their testimony telephonically at the sentencing hearing. If the defendant does not deny his conduct with those juveniles, the government will rely on the evidence in the Presentence Report and not call any further witnesses to support its sentencing recommendations and arguments.

Similarly, if the defendant denies that he unduly influenced the victim to engage in prohibited sexual conduct, the government will present further evidence in support of that Sentencing Guidelines adjustment. If he does not object to the undue influence adjustment, the government will rely only on the evidence in the Presentence Report.

**The Plea Agreement**

Pursuant to a plea agreement, the defendant agreed to plead guilty to the Indictment filed in this case, which charges him with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). In exchange for the defendant's plea and appellate waiver, the United States agreed not to file any

additional charges based on the current investigation, and to recommend an adjustment for acceptance of responsibility.

The plea agreement contained some restrictions on the parties, but allowed the parties to freely argue for the application of any guideline adjustments, and to freely argue the factors under 18 U.S.C. 3533(a). The defendant agreed not to seek any downward departures under the U.S.S.G. or any other authority. The United States made no agreement as to sentencing in this case.

Sentencing is open, and parties are free to argue for the sentence they believe is appropriate.

**The Stipulated Facts of the Plea Agreement**

The government and the defendant stipulated that the following facts are true and correct, and would be proven at a trial by the United States:

On August 18, 2004, the defendant BROCK JON PURVIANCE, a Colorado resident and then-28-year-old man, traveled to Anchorage, Alaska, to have sexual contact and sexual intercourse with Jane Doe, a then-15-year-old girl.

Purviance met Jane Doe online, in a music chatroom in the summer of 2003, and they began exchanging personal information like age, sex, and location, when he was 27 years old, and she was 13 years old, or had just turned 14 years

old. By June of 2004, they communicated daily, either over the telephone, or by computer, and their conversations were sexual. Purviance commented on his interest in someone half his age. After these repeated conversations and messaging with the child, Purviance decided to travel to Alaska during the time that Jane Doe's parents were leaving the state to attend the funeral of a family member who lived in the lower 48. Purviance purchased his airline ticket on August 11, 2004, and actually traveled to Alaska to meet Jane Doe on August 18, 2004, and stayed until August 25, 2004.

Before their in-person meeting, Purviance persistently engaged in online sexual conversations with the child. Purviance discussed having oral and vaginal intercourse with her, and suggested in graphic detail how he could perform those sex acts. Purviance inquired whether she would willingly allow him to penetrate her without a condom. During their online conversations, Purviance also directed the child on masturbation and orgasm.

During the week Purviance traveled to Alaska in 2004, he engaged in sex with the then-15-year-old child on at least three occasions.

**The Presentence Report**

The United States agrees with the factual findings set forth in the Presentence Report. The Defendant merits an offense level of 25, a criminal history level I, and a sentencing range of 57-71 months. The offense level includes upward adjustments for (1) unduly influencing the victim to engage in prohibited sexual conduct under §2A3.2(b)(2)(B) and (2) use of the internet to persuade, induce, or entice the victim to engage in prohibited sexual conduct under §2A3.2(b)(3)(A).

The United States further agrees with the Presentence Report writer that an upward departure is warranted in this case. Presentence Report, pp. 30-31, ¶¶ 122-123.

**The Recommendation**

The United States is recommending **a sentence of 84 months** imprisonment, **a supervised release period of 25 years**, and the **special conditions of supervision** recommended by the Presentence Report writer, Timothy Astle, including restitution of $2,605 for medical and counseling expenses.

This recommendation for incarceration in excess of the Sentencing Guidelines range is based on the serious nature of this offense, and the defendant's history of focused and repeated acts of seeking out 14 year old girls on the Internet to have sex with him.

**The Sentencing Guidelines Range of 57-71 Months Imprisonment Applies to First Time Offenders, Not Repeat Offenders like Purviance**

The evidence documented in the Presentence Report shows that the underlying conviction in this case is not the defendant's first sexual offense involving children.  Presentence Report, pp. 17-20, ¶¶ 53-60, 61-69.  In order to accurately categorize the defendant within the Sentencing Guidelines, the court must recognize Purviance's repeated offenses and systematically consider that background to insure that his sentence is consistent with that of other similarly situated defendants, a priority of 18 U.S.C. 3553(a)(6).  The most accurate way of classifying Purviance's conduct and background is to upwardly depart from the Sentencing Guidelines range of 57-71 months that applies only to first time offenders.

**The United States Sentencing Guidelines Plainly Authorize Upward Sentencing Departures Based on Purviance's Uncharged Conduct of Using the Internet to Entice Other 14 Year Old Girls to Have Sex with Him**

Under U.S.S.G. § 5K2.21, the court may increase the sentence above the guideline range to reflect the actual seriousness of the offense based on conduct (1) underlying a potential charge not pursued in the case as part of a plea agreement in the case or for any other reason, and (2) the conduct did not enter the determination of the applicable guideline range.

This directive to consider uncharged conduct reinforces another tenet of the Sentencing Guidelines, U.S.S.G. § 1B1.4, which permits sentencing courts to "consider, without limitation, any information concerning the background, character and conduct of the defendant."

An upward departure is also authorized under the more general Sentencing Guideline §5K2.0, which authorizes an upward departure when circumstances are present that are not taken into account by the crime of conviction. In this case, the circumstances of Purviance's prior sexual conduct with C.A. and T.W. when they were juveniles is not accounted for in the Sentencing Guidelines by the crime of conviction without an upward departure.

**18 U.S.C. § 3553(a) Factors Also Require the Court to Consider Purviance's Previous Sexual Exploitation of Children**

Under 18 U.S.C. § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant must be considered to determine an appropriate sentence. In this case, that means careful consideration of the evidence of Purviance's prior outreach to and sexual contacts with children.

**Regardless of Which Mechanism the Court Uses – an Upward Departure or Statutory Sentencing Factors – a Fair Sentence Requires the Court to (1) Specifically Recognize Purviance's Pattern Behavior of Sexually Exploiting Children, and (2) to Impose a Higher Sentencing Range than 57-71 Months**

Four factors are especially significant in Purviance's pattern of behavior. First, he focuses on 14 year old girls. Second, he uses the Internet to develop a "relationship" with the 14 year old girl. Third, he maneuvers around parental supervision to ensure a secret meeting with the girl. Fourth, he has sex with the girl.

**The first time...**

Purviance met T.W. in a chat room in 1994. She was 14 years old and Purviance was 18 years old. Presence Report p. 18, ¶ 62. Their online relationship developed over the next two years. Id. After she turned 17 years old, T.W. visited Purviance in Bloomfield, Colorado, where he was living with his

parents. Purviance spent the week with T.W. drinking alcohol and having sexual intercourse. Id. At ¶ 63.

**The second time...**

Purviance met C.A. in a chat room in 2000. She was 14 years old and Purviance was 24 years old.  Presentence Report p. 17, ¶ 54.  They got to know each other online and talked about sex. Id.  Purviance came to her house several times while C.A.'s parents were gone.  Purviance had sex with C.A. when she was 14 years old.  Id. at ¶ 55.

**The third time...**

Purviance met Jane Doe in a music chatroom in the summer of 2003, when she was she was 13 years old, or had just turned 14 years old.  Plea Agreement p.11.  By June of 2004, when she was 14 years old, and he was 28 years old, they were communicating daily, and their conversations were sexual.  Id.  Purviance decided to travel to Alaska when Jane Doe's parents were leaving the state to attend the funeral of a family member who lived in the lower 48.  Id. On August 18, 2004, one week after Jane Doe turned 15, Purviance traveled to Alaska to have sex with her after suggesting in graphic detail in their Internet chats how he could perform certain acts of oral and vaginal intercourse. Id. and Presentence Report p.

5, ¶17. Purviance had sex with Jane Doe on at least three occasions during his 2004 visit to Alaska. Id.

**The successful method...**

The planning and manipulation involved in using the Internet to entice a child to have sex is startlingly obvious to an adult, not so to a child. At 14, girls typically are naturally curious about sex, somewhat rebellious, but nonetheless eager for the respect, praise and trust of an adult. By using Internet communication, an adult can target and feed on the child's curiosity in a way that is both private and secret. The Internet "relationship" allows the person to describe and present himself anyway he wants, and the harsh realities of personal imperfections can be readily hidden. That makes it easy for the child to believe that the online friend she has met is someone truly special, unlike anyone else she has ever known and someone who makes her feel smart and funny and who genuinely understands her and cares for her. The child does not have the life experience to question the reality of the presentation, and is more susceptible to being disarmed and romanced. The child is then willing to trust the person, and to experiment online, and even in person, doing things that she has not tried, or has otherwise been unwilling to do.

**Purviance's "Relationship" with Jane Doe Was Based on Manipulations**

As noted in the Presentence Report, Purviance emailed Jane Doe, pushing her to commit to sneaking out to spend time with him, "because I'm not sure if the trip would be worth doing otherwise, unless you're pretty much certain you'd be able to get out night after night." p. 4, ¶ 15.  Purviance suggested ways that Jane Doe could manipulate her mother to make sure Jane Doe could get out of the house to see Purviance.  He encouraged Jane Doe to make her mother feel guilty for not trusting Jane Doe, after all the good things she does, especially how Jane Doe helped her mother get better after surgery.  p. 5, ¶15.

Purviance tried to manipulate a police investigation during the summer of 2005, lying to police about not knowing Jane Doe, and when confronted with information that she used his cell phone, Purviance lied again and told police he let a hitchhiker he picked up use his cell phone, but he had just met her that day. Presentence Report p. 2, ¶ 9.

When Jane Doe's parents took steps to cut off Purviance's access to their daughter, Purviance continued to contact Jane Doe, by contacting her through her friends' phones, and by secretly sending Jane Doe a camera cell phone. Presentence Report p. 8-9, ¶¶26-27.

Purviance even tried to manipulate Jane Doe's mother by writing a letter in January of 2006, to persuade her to condone their relationship by boasting about himself, trying to explain away the 14 year difference in his age and Jane Doe's age, and professing true love. Presentence Report pp. 11-12, ¶36.

Yet Purviance's actions spoke more truthfully than his words of love. Despite his profession of long-term commitment to Jane Doe, Purviance took the time and the money after his two Alaska trips for sex with Jane Doe, to re-contact C.A., and to fly her back to Colorado in October of 2005, so that he could again have sex with her. Presentence Report p. 18, ¶ 58.

Purviance's repeated manipulations must be recognized for what they are. His sentence should be based on those characteristics, as well as his continuing sexual searches for 14 year old girls in Internet chat rooms.

**Conclusion**

Purviance has offered no psychological evidence that he is not dangerous, or that he is unlikely to reoffend. He has offered no evidence to support a first offender type of sentence.

The evidence in this case demonstrates that Purviance is a repeat child sex offender, with a specific preference for 14 year old girls. The Sentencing

Guidelines and 18 U.S.C. § 3553(a) recognize that such evidence ought to be considered, and relied upon to fashion a fair sentence.

The government believes the combination of an of 84 month sentence, and a supervised release term of 25 years will appropriately mete out necessary punishment, and safeguard the children of our community.

84 months imprisonment specifically protects Jane Doe, and guarantees her time to heal and to progress into adulthood without the threat of Purviance again reaching out to her as he did with his earlier child victims, C.A. and T.W.

The 25 year supervised release term will protect other unsuspecting 14 year olds from the apparent lifetime behavior pattern that Purviance has established of seeking out young girls on the Internet for sex.

RESPECTFULLY SUBMITTED THIS 28th day of December, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2006
a copy of the foregoing was served
electronically on Sue Ellen Tatter

s/ Audrey Renschen