NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-040-JWS |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | MOTION FOR RETURN OF |
|  | ) | PROPERTY |
| BROCK JON PURVIANCE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

     The United States by Assistant United States Attorney Audrey J. Renschen, hereby responds to defendant's motion for return of property. The information gathered below was provided by the case agent, FBI Special Agent (SA) John Eckstein.

**Background**

Purviance was convicted of traveling from Colorado to Alaska to have sex with a child. Evidence of the crime was seized in Colorado from Purviance's personal residence and from his business. The evidence included computers taken from both locations, and other documents and personal items.

The computers were forensically examined and maintained in Colorado, the other relevant materials were forwarded to Alaska along with forensic reports on the computers.

**Arrangements Made for The Return of Property**

After the defendant's conviction, his attorney, Sue Ellen Tatter, arranged for the return of property in evidence. She agreed to retrieve the items in Anchorage on behalf of Purviance, and advised that Purviance's family would contact Colorado officials to retrieve the property there.

**Anchorage Property**

Ms. Tatter and SA Eckstein have communicated about retrieving the Anchorage evidence, and there appear to be no issues preventing that exchange. It appears they simply have not yet found a convenient time to do so.

**Colorado Property**

The forensic examiner in Colorado, ICE Special Agent Patrick Redling, who had custody of the computer evidence seized there, has completed the return of all that evidence. As previously arranged, Purviance's family retrieved Purviance's property, including the personal computer seized from his residence.

However, the computer seized from Purviance's workplace was not Purviance's personal property. According to SA Redling in Colorado, when the work computer was seized from the Denver School of Music, both Purviance and his business partner identified the computer in Purviance's office as the business' computer -- used by Purviance and others in the office, but belonging to the business. For that reason, the business computer could not be turned over to Purviance's family members, and was instead returned to the documented owner, the Denver School of Music.

**A Duplicate Image of the Business Computer Is Not Available**

According to SA Redling, ICE did not retain any copies of the computers from this investigation. The hard drives used for imaging are typically wiped clean after conviction and appeal, and then re-used in subsequent investigations. Consequently ICE does not have the ability to produce any additional copies.

**Conclusion**

The computer evidence in Colorado has been turned over to the appropriate owners or their representatives. The other evidence in Anchorage is available, and can be released to Ms. Tatter at her convenience. Undersigned counsel is attempting to facilitate the property exchange this week.

RESPECTFULLY SUBMITTED THIS 11th day of July, 2007, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2007,
a copy of the foregoing was sent
by United States Mail to:

Brock Purviance,
c/o FCI Big Spring
Register Number 34230-013
1900 Simler Avenue, SS-1
Big Spring, Texas 79720

s/ Audrey Renschen