Brock Purviance, <u>In pro per</u>
c/o FCI - Big Spring
Regster Number 34230-013
1900 Simler Avenue, S-1
Big Spring, Texas 79720

<u>In propria Persona</u> for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case Number: 3:06-CR-0040-JWS |
| Plaintiff-Respondent, ) | MOVANT'S RESPONSE TO GOVERNMENT'S |
| ) | RESPONSE TO MOTION FOR RETURN OF |
| versus ) | PROPERTY |
| ) | |
| BROCK PURVIANCE, ) | Judge: Hon. John W. Sedwick |
| ) | Date: |
| Defendant-Movant. ) | Time: |
| ) | |

NOW COMES the Defendant, Brock Purviance (hereinafter "Defendant"), <u>in pro per</u>, to respond to the Government's response to Defendant's Motion for Return of Property under F.R.Cr.P. 41(g).

### I. BACKGROUND

In response to Defendant's Motion for Return of Property, the Government returned some of Defendant's property. Some property remains unreturned.

The Government claims, during the seizure, Defendant and Defendant's (former) business partner, Robert Fulton (hereinafter "Fulton"), identified the computer seized from Denver School of Music (hereinafter "DSoM") as property of DSoM, and that it was "used by [Defendant] and others in the office". The data on the hard drive was not retained by the Colorado FBI/ICE; therefore, they are unable to reproduce it.

## II. DISCUSSION

As deduced by comparing the items on the Receipt for Property Received/Returned/Released/Seized (Exhibit "D") to the items listed as unreturned from initial Motion, remaining unreturned are the hard drive that was extracted from the computer that was seized from DSoM and two mini digital video cassette tapes.

Said hard drive is and has been property of Defendant at all points of time subsequent to its initial purcahse (Exhibit "A"); said hard drive never belonged to DSoM. Exhibit "A" is the invoice for the purchase of said hard drive, which shows the purchase was billed to Defendant's home address and paid for with a Visa card starting with the numbers "4431" and expiring 06/2008. Exhibit "B" is a photocopy of a Mission Federal Credit Union Visa card belonging to Brock J. Purviance, starting with the numbers "4431" and expiring 06/2008. Exhibit "C" is a bank statement from Mission Federal Credit Union for an account in the name of Brock J. Purviance with an address matching the Billing Address on the invoice for said hard drive (Exhibit "A"). Clearly, the hard drive was purchased by Defendant and paid for with Defendant's own money.

Defendant never identified said hard drive (or the computer from which said hard drive was extracted) as property of DSoM. Fulton was not present during the seizure, therefore it is impossible that he identified said computer/hard drive as property of DSoM as described in the Government's Response to Motion for Return of Property. Further, Fulton never identified said computer/hard drive as property of DSoM. Said computer/hard drive was not a component of Defendant's buyout agreement with Fulton for DSoM; nor was it a part of any other transaction subsequent to its documented purchase (Exhibit "A").

Defendant was the only person with the password to the computer
f

from which said hard drive was extracted, and subsequently was the only person who used that computer.

### III. CONCLUSION

Defendant is entitled to the return of the hard drive discussed herein (or a replacement with the data from the original hard drive copied onto it) and the two mini digital video cassette tapes. If said hard drive (and the data it contained) are not returned, Defendant will suffer irreparable harm due to the fact the hard drive contained voluminous amounts of unique data used for personal business and pleasure.

It is worth noting that the Government's Response to Motion for Return of Property contained several blatant lies: that Defendant identified said computer as belonging to DSoM; that Fulton was present at the seizure; that Fulton identified said computer as belonging to DSoM; and that said computer was "used by...others in the office". Such dishonesty infringes on the integrity of this Court and is counterproductive to its purpose. Further, perjury goes against the code of ethics endorsed by the institutions for whom the originators of said lies work.

WHEREFORE, Defendant asks this Court:

1. for an order to return said hard drive (or a replacement with the data from the original hard drive copied copied onto it) and said mini digital video cassette tapes directly to Fred and Jan Munoz, 7769 B S. Curtice Drive, Littleton, Colorado 80120-4374; or

2. for an order for the Government to pay $36,661.79[1] to Defendant to address listed above in item 1.

Respectfully submitted,

Brock Purviance, In pro per
c/o FCI - Big Spring
1900 Simler Avenue, S-1
Big Spring, Texas 79720

8·16·07
Date

---

[1] Data conservatively estimated at two hours work per week for six years at $50.00/hour ($33,600.00) + $53.79 for replacement hard drive + $8.00 for replacement mini digital video cassette tapes.