upon reconsideration of the same issues if I appealed, and subsequently, Counsel thought appealing was a "bad idea". At that point, the meeting was abruptly interrupted by a U.S. Marshal opening the door to (my part of) the meeting room and announcing to me, "It's time to go.". I explained that I was still talking with Counsel. Unaffected, the U.S. Marshal repeated, "It's time to go." and took me, effectively ending the meeting.

19. A day or two after sentencing, I called Counsel from Cook Inlet Pretrial and requested an in-person meeting to discuss my appeal. Counsel explained that she was "very busy" and "[didn't] have time to talk", and that she was "not sure when [she would] be able to come in". No such meeting took place as I was flown back to SeaTac FDC on the morning of January 7, 2007. From SeaTac FDC, I, still wanting to appeal, continued to make efforts to get a hold of Counsel by phone, but was unsuccessful. Despite my efforts, I was not afforded an opportunity to discuss my appeal with Counsel, nor did Counsel file a direct appeal as I'd demanded (before my 10-day time limit to file a notice of appeal expired). After my time limit expired, not knowing anything about my legal rights, I figured my chance to appeal was gone, so I did not push the issue from that point on.

I declare under penalty of perjury under the law of the United States of America and pursuant to Title 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief. Executed this   20th         day of   December              , 2007, at Howard County, Texas.

**Dated:**           December 20, 2007

_____
BROCK PURVIANCE

RECEIVED

JAN 1 7 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA