IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BROCK PURVIANCE,<br><br>　　　　Defendant. | Case No. 3:06-cr-00040-JWS<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

　　　　On January 14, 2008, Brock Purviance, representing himself, filed a timely motion to set aside, vacate or correct sentence his January 9, 2007 judgment of conviction,[1] under 28 U.S.C. § 2255, alleging that he received the ineffective assistance of counsel during his criminal proceedings.[2]

　　　　Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, **IT IS HEREBY ORDERED that**:

1.　　　The Clerk of Court is directed serve a copy of the § 2255 motion, at docket number 72, the memorandum and affidavits in support, at docket numbers 75,

---

　　[1] *See* Docket No. 41.

　　[2] *See* Docket No. 72.

77, 78, and 79, and a copy of this Order, on the United States Attorney for the District of Alaska.

2. Mr. Purviance's application to proceed without payment of fees, at docket number 76, is DENIED as moot,[3] but will be considered in support of his motion for appointment of counsel.

3. The Criminal Justice Act (CJA)[4] authorizes this Court to appoint an attorney for a *habeas* petitioner who cannot afford his own attorney. Mr. Purviance's application for appointment of counsel, at docket number 80, is therefore GRANTED. The Federal Public Defender for the District of Alaska will designate counsel from the CJA Panel or the Federal Public Defender's office to represent Mr. Purviance in this case. Once designated, counsel for Mr. Purviance will immediately file a notice of appearance.

4. Counsel for Mr. Purviance shall review the record, confer with Mr. Purviance, and file any amended § 2255 motion on or before **February 18, 2008.** In the alternative, counsel will file a notice that no amended motion will be filed.

5. The United States Attorney will file an answer or other responsive pleading on or before **March 19, 2008**. The answer will respond to the allegations of the motion, and in addition, state whether Mr. Purviance has used any other

---

[3] If Mr. Purviance were "instituting" an action, he would be required to pay the Court's applicable filing fee. *See* 28 U.S.C. § 1914(a). In this case, he filed a motion in an existing case.

[4] *See* 18 U.S.C. § 3006, *et. seq.*

available federal remedies, including any prior post-conviction motions under these rules, to address the issues presented.[5] The United States Attorney must also supplement the answer or response with appropriate copies of transcripts, affidavits and a memorandum of points and authorities material to the issues raised.

6. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date the United States Attorney files an answer. The motion must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[6]

7. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under Local Magistrate Rule 4(4).

8. Mr. Purviance's motions for an extension of time, at docket numbers 70 and 71, are denied as moot.[7]

---

[5] *See* Rule 5, Rules Governing Section 2255 Proceedings.

[6] *See* D. Ak. HCR 8.1.

[7] *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("the statute of limitations within which [petitioner] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal"); Rule 13.1 of the Rules of the Supreme Court of the United States (ninety days from date of mandate to petition the United States Supreme Court for certiorari).

9. No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action.

DATED this 17th day of January, 2008, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge