Jerald Lee Brainin
Law Offices
P.O. Box 66365
Los Angeles, CA. 90066
Telephone: 310-397-3910
Facsimile: 310-737-1702
email: jbrainin@braintrustusa.com

Attorney for Defendant/Petitioner
Brock Purviance

# UNITED STATES COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:06-cr-00040 -JWS-JDR |
| Plaintiff, ) | |
| ) | |
| v. ) | SUPPLEMENT TO PENDING § 2255 |
| ) | MOTION TO VACATE, SET ASIDE |
| BROCK PURVIANCE, ) | OR CORRECT PETITIONER'S |
| ) | SENTENCE; MEMORANDUM OF |
| ) | POINTS AND AUTHORITIES AND |
| Defendant. ) | ADDITIONAL EXHIBITS. |
| ) | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................………..  ii

I. INTRODUCTION …………….....................................…………  2

II. ADDITIONAL FACTUAL ALLEGATIONS IN SUPPORT OF
    PETITIONER'S SECTION 2255 CLAIMS ……………………………  3

    A. Additional claims and factual allegations in support of pending
        2255 motion……………………………………………………………  3

    B. Verification ……………………………………………………….  4

III. MEMORANDUM OF POINTS AND AUTHORITIES…………………  5

    A. Ineffective assistance of counsel standards of review ……………  5

    B. Trial counsel was ineffective for failing to perfect petitioner's
        right to appeal ………………………………………………...............  5

    C. Trial counsel's failure to interview or call JH to testify at
        sentencing prejudiced petitioner's defense………………...............  7

    D. The government violated *Brady v. Maryland* when it failed to
        disclose to the defense the substance of JH's second government
        interview ……………………………………….……………….....  12

    E. Trial counsel's failure to notify the court of an actual conflict
        that existed between herself and petitioner and failure to with
        draw prior to sentencing qualifies as ineffective assistance……….  14

    F. Trial counsel's failure to challenge the reasonableness of the
        the court's imposition of a 25 year term of supervised release
        qualifies as ineffective assistance of counsel ……………………….  16

    G. Trial counsel's failure to challenge the special conditions of
        supervised release was ineffective……………………………………18

    H. Petitioner requests resentencing and the reinstatement of his right
        to appeal, or in the alternative an evidentiary hearing to determine
        his right to these remedies …………………………………………20

IV. CONCLUSION  ...............................................................………… 21

DECLARATION OF SERVICE ........................................................………. 22

## TABLE OF AUTHORITIES

*Avila v. Galaza,*
97 F.3d 911 (9th Cir.2002) ………………………………………….. 8

*Blackledge v. Allison*
431 U.S. 63 (1977) ……………………………………………….. 21

*Brady v. Maryland*
373 U.S. 83 (1963) ………………………………………………. 12-14

*Hart v. Gomez*
174 F.3d 1067 (9th Cir.1999) ……………………………………….. 8

*Kimmelman v. Morrison*
477 U.S. 365 (1986)………………………………………………. 5,9

*Kyles v. Whitley*
514 U.S. 419 (1995) ……………………………………………… 13

*Lord v. Wood*
184 F.3d 1083 (9th Cir.1999) ……………………………………….. 8

*Pfaff v. Washington*
2007 WL 4225059, *6 (W.D. Wash., 2007) …………………………… 15

*Riley v. Payne*
352 F.3d 1313 (9th Cir. 2003) ……………………………………….. 8

*Rita v. United States*
--- U.S. ----,127 S.Ct. 2456 (2007) ……………………………………. 17

*Roe v. Flores-Ortega*
528 U.S. 470 (2000) …………………………………………………… 5

*Smith v. Stewart*
241 F.3d 1191 (9th Cir. 2001) ……………………………………….. 16

*Strickland v. Washington*
466 U.S. 668 (1984)……………………………………………………. 5,7,8

*United States v. Antelope*
395 F.3d 1128 (9th Cir. 2005) ………………………………………………20

*United States v. Armstrong*
517 U.S. 456 (1996) ……………………………………………………. 14

*United States v. Bagley*
473 U.S. 667 (1985)……………………………………………………. 13

*United States v. Bitsilly*
386 F.Supp.2d 1192 (D.C.N.M., 2005)…………………………………. 6

*United States v. Carter*
219 F.3d 863 (9th Cir. 2000)……………………………………………. 17

*United States v. Chriswell*
401 F.3d 459 (6th Cir. 2005) ……………………………………………. 11

*United States v. Fernandez-Angulo*
897 F.2d 1514 (9th Cir. 1990)……………………………………………. 17

*United States v. Hamm*
281 F.Supp.2d 929 (W.D.Ky., 2003) …………………………………….. 11

*United States v. Kelly*
510 F.3d 433 (4th Cir. 2007) ……………………………………………. 16

*United States v. Myers*
481 F.3d 1107 (8th Cir. 2007) …………………………………………... 10

*United States v. Millan*
817 F.Supp. 1072 (S.D.N.Y., 1993)……………………………………. 15

*United States v. Mitchell*
353 F.3d 552 (7th Cir. 2003)……………………………………………...11

*United States v. Rearden*
349 F.3d 608 (9th Cir.2003)……………………………………………… 18

*United States v. Root*
296 F.3d 1222 (11th Cir.2002)………………………………………… 7

*United States v. Sales*
476 F.3d 732 (9th Cir. 2007) …………………………………………. 18

*United States v. Standard*
207 F.3d 1136 (9th Cir. 2000)………………………………………… 17

*United States v. Thomas*
355 F3d. 1191 (9th Cir. 2004) ……………………………………….. 17

*United States v. T.M.*
330 F.3d 1235 (9th Cir.2003) ………………………………………... 18

*United States v. Weber*
451 F.3d 552 (9th Cir. 2006) …………………………………………. 18,19

*Wood v. Georgia*
450 U.S. 261 (1981)…..……………………………………………… 15

***Statutes:***

18 U.S.C. § 2423 ....................................................................……………….1,10
18 U.S.C. § 2255 ....................................................................……………2,4,16,21
18 U.S.C. § 3553 ....................................................................………………… 3,11,16
18 U.S.C. § 3583 ....................................................................………………….10,18

***Other Authorities:***

U.S.S.G. § 2A3.2 …………………………………………………….. 2,7,9-11
U.S.S.G. § 2G1.3 …………………………………………………….. 10

Federal Rules of Criminal Procedure, Rule 32(i)…………………….. 17
Federal Rules of Civil Procedure, Rule 16 …………………………….14

Alaska Rules of Professional Conduct ……………………………….. 15

2 C. Wright, Federal Practice and Procedure § 254 ……………………. 14

United States Constitution
    Fifth Amendment ………………………………………….. 20