ANCHORAGE, ALASKA - WEDNESDAY, JANUARY 3, 2007

(This Portion Not Requested)

(Audio Server, Log No. 11:33:30)

IMPOSITION OF SENTENCE

THE COURT: Pursuant to the Sentencing Reform Act of 1984, and considering the provisions found in 18 U.S.C. §3553, it is the judgment of the Court that the defendant, Brock John Purviance, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 71 months.

Upon release from imprisonment, defendant shall be placed on supervised release for a term of 25 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which he is released.

While on supervised release, defendant shall not commit another federal, state or local crime, shall not possess a firearm or illegal controlled substance, and shall comply with the standard conditions included in the Court's judgment.

In addition, because the offense occurred after the effective date of the Violent Crime Control and Law Enforcement Act, and there is some risk of future substance abuse, defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision, and at least two periodic drug tests

TAMSCRIPTS · (407) 273-2627

EXH. O

```
 1    thereafter not to exceed 12 tests per month as directed by the
 2    probation officer.
 3           Defendant shall also comply with the following special
 4    conditions.  One, defendant shall cooperate in the collection
 5    of a DNA sample from the defendant as directed by the probation
 6    officer and as required by statute.
 7           Two, in addition to submitting to the drug testing
 8    required by the Violent Crime Control and Law Enforcement Act,
 9    defendant shall participate in either or both inpatient or
10    outpatient treatment programs approved by the U.S. Probation
11    Office for substance abuse treatment, which program shall
12    include testing to determine whether the defendant has reverted
13    to the use of drugs or alcohol.  At the direction of the
14    probation officer, defendant may be required to pay for all or
15    a portion of any treatment program.
16           Three, defendant shall submit his -- shall submit his
17    person and any property, house, residence, vehicles, papers,
18    computers, other electronic communications or data storage
19    devices or media, and effects, to search at any time with or
20    without a warrant by a law enforcement or probation officer
21    with reasonable suspicion concerning a violation of a condition
22    of supervised release or unlawful conduct by the person and by
23    any probation officer in the lawful discharge of the officer's
24    supervision functions.
25           Four, defendant shall not possess a firearm,
```

1  destructive device or other weapon.
2       Five, defendant shall not possess or use a computer or
3  cellular telephone with access to any online service at any
4  time, including employment, without prior written approval from
5  the probation officer.  This includes access through any
6  Internet service provider, bulletin board system, e-mail
7  system, or any public or private computer system network.
8       Defendant shall permit routine inspection of his
9  computer system or any other computer maintained at the
10 defendant's residence, to include hard drives and any media
11 storage materials, to confirm adherence to this condition.  The
12 inspection shall be no more intrusive than is necessary to
13 ensure compliance with the defendant's conditions of
14 supervision.  Defendant shall inform his employer or
15 third-party or other third-party who may be impacted by this
16 condition of this computer-related restriction and the computer
17 inspection provisions of this condition.
18      Six, defendant shall provide the probation officer
19 with any requested financial information to verify there have
20 been no payments to Internet service provider entities that
21 would provide access to the Internet via computer, cell phone,
22 PDA or other electronic media device.
23      Seven, defendant shall have no contact with any person
24 under the age of 18 years, nor attempt contact, except under
25 circumstances approved in advance in writing by the probation

1  officer in consultation with the defendant's treatment
2  provider.
3       Eight, defendant shall not seek employment, engage in
4  leisure activities or loiter near places designated primarily
5  for minors, such as schools, parks and arcades, which may bring
6  the defendant into contact with any person under the age of 18
7  years.  Contact is defined as any transaction occurring face to
8  face, over the telephone, via mail, over the Internet, and any
9  third-party communication.
10       Nine, defendant shall not be employed in any capacity
11 which may cause the defendant to come in direct contact with
12 children except under circumstances approved in advance by the
13 supervising probation officer.  Defendant shall not participate
14 in any volunteer activity that may cause defendant to come in
15 direct contact with children except under circumstances
16 approved in advance by the defendant's probation officer.
17       Ten, in accordance with applicable state and federal
18 law, should the defendant be allowed to teach in any capacity,
19 he may only provide instruction to persons over the age of 18
20 years under circumstances approved in advance by the
21 supervising probation officer.
22       Eleven, pursuant to the Adam Walsh Child Protection
23 and Safety Act of 2006, defendant shall conform with sex
24 offender registration laws and other laws which exist in any
25 jurisdiction where he resides or visits.  The defendant, based

1  on his conviction, is classified as a tier two sex offender
2  and, therefore, is required to re-register every six months as
3  a sex offender for a period of 25 years or upon any change in
4  residence, employment or student status.
5        Twelve, defendant shall participate in a program of
6  sex offender assessment and treatment as directed by the
7  probation officer until such time as he is released from the
8  program.  At the direction of the probation officer, defendant
9  may be required to pay for all or a portion of any treatment
10 program.  Any refusal to submit to such assessment or test as
11 scheduled is a violation of the conditions of release.
12       Defendant shall waive his right of confidentiality and
13 treatment, and sign any necessary releases for any records
14 imposed as a consequence of this judgment to allow the
15 supervising probation officer to review the defendant's course
16 of treatment and progress with the treatment providers.
17       Thirteen, defendant shall have no contact with the
18 victim, victim's family, or friends of the victim, including
19 correspondence, telephone contact, or communication through a
20 third-party, except under circumstances approved in advance in
21 writing by the probation officer in consultation with a
22 treatment provider.  Defendant shall not enter onto the
23 premises, travel paths, or loiter near where the victim
24 resides.
25       It is the order of the Court that defendant shall pay

1  restitution to the parents of victim J.H. in the amount of
2  $2,605, which is due to be paid immediately.  Any unpaid amount
3  is due to be paid during the period of incarceration at the
4  rate of 50 percent of wages earned while in custody of the
5  Bureau of Prisons and during the period of supervision, in
6  monthly installments of not less than the defendant's -- 10
7  percent of the defendant's gross monthly income, or $25,
8  whichever amount is greater.  Interest on the restitution shall
9  not be waived.
10         I find that under all the circumstances, the defendant
11  does not have the ability to pay a fine.  However, as required
12  by statute, it is further ordered that the defendant shall pay
13  to the United States a special assessment of $100, which is due
14  to be paid to the Clerk of Court immediately.
15         Are there any other matters to address before the
16  defendant is advised of his limited appeal rights?
17         MS. RENSCHEN:  No.
18         MS. TATTER:  Will the Court be asking for any changes
19  in the presentence report based on its concern for T.W.'s
20  remarks?
21         THE COURT:  Yes.  I'm going to -- yes.  Paragraph 62
22  and 69 are going to be excluded.
23         MS. TATTER:  So that the presentence report that goes
24  to the Bureau of Prisons will be minus those paragraphs?
25         THE COURT:  I'll direct the probation officer to

```
 1    exclude paragraph 62 through 69, but to include the statements
 2    I made on the record.  I did make those findings.  You can get
 3    those from the record, Mr. Astle, and include those in lieu of
 4    62 through 69.  Anything further, then, before I advise the
 5    defendant of his appeal rights?
 6              MS. TATTER:  No.
 7              THE COURT:  Mr. Purviance, you're advised that there
 8    is ordinarily a right to appeal a sentence even when one pleads
 9    guilty.  However, you waived your right to appeal.  Such a
10    waiver is ordinarily enforceable.  If you believe the waiver is
11    not enforceable in your case, then you can take an appeal.  Any
12    appeal must be taken within the 10-day time period allowed by
13    Rule 4(b) of the Federal Rules of Appellate Procedure.  If you
14    cannot afford to pay for an appeal, you may ask to appeal at
15    public expense by applying for leave to proceed in forma
16    pauperis.  If you request it, the Clerk of Court will file a
17    notice of appeal on your behalf.
18              All right.  That concludes this proceeding.  I'm going
19    to return to my chambers briefly before we start the next one,
20    which is now some 40 minutes late.
21              THE CLERK:  All rise.  This matter is adjourned.  This
22    court stands in brief recess.
23         (Proceedings concluded at 11:40 a.m.)
24
25
```

9

|   |   |
|---|---|
| 1 | CERTIFICATION |

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          _____
Tammie Heinrich, Transcriber                Date

TAMSCRIPTS · (407) 273-2627