Judgment—Page __3__ of __7__

DEFENDANT:      BROCK PURVIANCE
CASE NUMBER:    3:06-cr-00040-JWS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    25 years.

This term consists of 25 years on Count 1.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed __12__ tests per month, as directed by the probation officer.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EXH. P

| | |
|---|---|
| DEFENDANT: BROCK PURVIANCE | Judgment—Page 4 of 7 |
| CASE NUMBER: 3:06-cr-00040-JWS | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer and as required by statute.

2. In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

3. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

4. The defendant shall not possess a firearm, destructive device, or other weapon.

5. The defendant shall not possess or use a computer or cellular telephone with access to any on-line service at any time (including employment) without prior written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, e-mail system, or any public or private computer network system. The defendant shall permit routine inspection of his computer system or any other computer system maintained at the defendant's residence to include hard drives and any media storage materials, to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with the defendant's conditions of supervision. The defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provisions of the condition.

6. The defendant shall provide the probation officer with any requested financial information to verify there have been no payments to an Internet Service Provider or entities that provide access to the Internet via computer, cell phone, PDA, or other electronic media device.

7. The defendant shall have no contact with any person under the age of 18 years, nor attempt contact except under circumstances approved in advance and in writing by the probation officer in consultation with the defendant's treatment provider.

8. The defendant shall not seek employment, engage in leisure activities or loiter near places designated primarily for minors such as schools, parks, and arcades, which may bring the defendant into contact with any person under the age of 18 years. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third party communication.

9. The defendant shall not be employed in any capacity which may cause the defendant to come in direct contact with children, except under circumstances approved in advance by the supervising probation officer. The defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children, except under circumstances approved in advance by the defendant's probation officer.

10. In accordance with applicable state and federal laws, should the defendant be allowed to teach in any capacity, he may only provide instruction to persons over the age of 18 years under circumstances approved in advance by the supervising probation officer.

CONTINUED ON PAGE 5

DEFENDANT: BROCK PURVIANCE
CASE NUMBER: 3:06-cr-00040-JWS

Judgment—Page 5 of 7

# ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

11. Pursuant to the *Adam Walsh Child Protection and Safety Act of 2006*, the defendant shall conform with sex offender registration laws and other laws which exist in any jurisdiction where he resides or visits. The defendant, based on his conviction, is classified as a Tier II sex offender and, therefore is required to re-register every six months as a sex offender for a period of 25 years or upon any change in residence, employment, or student status.

12. The defendant shall participate in a program of sex offender assessment and treatment, as directed by the probation officer, until such time as he is released from the program. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of release. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider(s).

13. The defendant shall have no contact with the victim, victim's family, or friends of the victim, including correspondence, telephone contact, or communication through a third party except under circumstances approved in advance and in writing by the probation officer in consultation with the treatment provider. The defendant shall not enter onto the premises, travel past, or loiter near where the victim(s) resides.
////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////