NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
E-mail: audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-040-JWS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S MOTION TO** |
| vs. | ) | **DISMISS DEFENDANT'S** |
| | ) | **28 U.S.C. § 2255 PETITION** |
| BROCK JON PURVIANCE, | ) | |
| | ) | |
| Defendant. | ) | |

The United States by Assistant United States Attorney Audrey J. Renschen, moves to dismiss defendant's 28 U.S.C. 2255 petition, because Purviance expressly waived his right to appeal and collaterally attack his sentencing as part of his plea agreement.  The government further respectfully requests that the briefing schedule in this matter be withheld or stayed pending the disposition of this motion.

## PURVIANCE CANNOT CHALLENGE HIS SENTENCE UNDER 28 U.S.C. 2255, BECAUSE HE EXPRESSLY WAIVED SUCH AN ATTACK IN HIS PLEA AGREEMENT.

Purviance explicitly waived his rights to appeal and to collateral attack, in a written plea agreement:

> The defendant understands that by pleading guilty he waives his right to appeal his conviction.  The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes the agreed upon sentence, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed – including any forfeiture or conditions of supervised release.
>
> Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence -- including forfeiture and supervised release conditions.  The only exceptions to this collateral attack waiver are as follows:
> 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the court imposes sentence; and
> 2) a challenge to the voluntariness of his guilty plea.  The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

Exhibit 1, pp. 4-5.

In addition to the above express waiver, Purviance explicitly acknowledged in a separate section of the plea agreement, that he understood his rights to appeal and to collateral attack, and was willing to waive those rights.

> I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes the agreed upon sentence. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence --which affected either my guilty plea or the sentence imposed by the court.

Exhibit 1, p. 14.

The plea agreement bears witness to Purviance's understanding and his signature. "I have read this plea agreement carefully and understand it thoroughly." Exhibit 1, pp. 16, 17. In addition, the plea agreement bears evidence that Purviance's attorney, Sue Ellen Tatter, carefully educated Purviance about the consequences of his plea agreement:

> As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering pleas of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

Exhibit 1, p. 17.

The plea agreement further demonstrates that Purviance acknowledged satisfaction with his attorney, and with her diligence in researching all aspects of his case, including sentencing:

> I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges in the Indictment. My attorney has explained the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factors under 18 U.S.C. 3553(a) that will affect the sentence calculation in my case. We have also fully discussed the open sentencing agreed upon in my case.

Exhibit 1, p. 14.

Each of the advisements and waivers documented above, shows that Purviance understood and willingly waived his appellate and collateral attack rights as part of his plea agreement. As shown below, Purviance again validated those knowing and voluntary waivers at his change of plea hearing.

**PURVIANCE ACKNOWLEDGED AND ACCEPTED HIS PLEA AGREEMENT AND HIS ATTORNEY'S COMPETENCE AT THE CHANGE OF PLEA HEARING**

At the change of plea hearing, Purviance was place under oath, reminded that he promised to speak truthfully, and advised that if he spoke falsely he could

be prosecuted for perjury. Exhibit 2 (Transcript of October 6, 2006, Change of Plea Hearing), p. 4. Purviance acknowledged his understanding, "Yes, sir." Id.

Judge Sedwick inquired of Purviance's satisfaction with his lawyer, Ms. Tatter. Purviance affirmed that she was aware of all the facts important to his defense, had answered all his questions, and that Purviance was satisfied with her services. Id. at p.7. Purviance further acknowledged that he had discussed the charge and the plea agreement, and that he read the plea agreement and signed it. Id. at pp.7-8.

Judge Sedwick summarized "the basic bargain" of the plea agreement, inquiring specifically about Purviance's waivers of his rights to appeal his sentence and collaterally attack his conviction and sentence. Id. at pp. 8-9. Purviance acknowledged his understanding and his willingness to waive his rights, including his affirmation to the question, "Do you understand that by making these waivers you're accepting any sentence I impose so long as it's consistent with your plea agreement?"[1] Id.

---

[1] It is noteworthy that the sentencing enhancements and Sentencing Guidelines range set forth in the September 2005 plea agreement (Exhibit 1) at p. 9, exactly predicted the December 2006 Presentence Report's ultimate findings at Docket 32-5, p. 28, ¶ 107, and that the court's January 2007 sentence was exactly within that range.

## PURVIANCE MADE NO OBJECTIONS ABOUT HIS ATTORNEY'S PERFORMANCE OR HIS SENTENCE DURING THE SENTENCING HEARING

During the sentencing hearing, Purviance failed at any time to complain about his attorney, and failed to object to the Court's findings on the sentencing adjustments. Purviance also took time to eloquently address the court, but again, voiced no objections about the court's findings or Ms. Tatter's performance during his allocution. Exhibits 3 and 4 (Transcripts of January 3, 2006, Sentencing Hearing).[2]

Even when reminded by Judge Sedwick at the end of the sentencing hearing, that Purviance had waived his right to appeal his sentence, and that, "if you believe the waiver is not enforceable in your case, then you can take an appeal", Purviance still failed to express any objections.

## IGNORING PLEA AGREEMENT WAIVERS DOES NOT MAKE THEM GO AWAY

There is simply no mention of the plea agreement waivers in either Purviance's *pro se* pleadings or those of his attorney. Importantly, there is also no mention in Purviance's *pro se* pleadings or those of his attorney, that challenges his guilty plea or the validity and enforceability of Purviance's appellate or

---

[2] Exhibits 3 and 4 show the entire transcript of the sentencing hearing. Purviance's filings contained only a portion of the transcript.

collateral attack waivers. Nor is there evidence in Purviance's pleadings that demonstrate that Purviance did not have knowledge of any of his 2255 objections until after his sentencing.

To the contrary, the records noted above demonstrate that Purviance had both knowledge of, and an ability to raise his stated 2255 complaints before his sentencing ended. The records further demonstrate that Purviance cannot claim ineffective assistance of counsel based on factors that only became known after his sentencing.

Finally, the evidence in the records show that Purviance's plea agreement and change of plea were entered knowingly and voluntarily, as were his appellate and collateral attack waivers. Accordingly, those express waivers are valid and enforceable.

**THE NINTH CIRCUIT UPHOLDS PLEA AGREEMENT WAIVERS OF APPEALS AND COLLATERAL ATTACKS.**

"The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....". A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.2d. 318, 321(9th Cir. 1990) cert. denied, 112 S.Ct. 1488 (1992). Accordingly, the Ninth Circuit Court of Appeals regularly enforces "knowing and voluntary waivers" of appellate rights in

criminal cases when they are part of negotiated guilty pleas. United States v. Michlin, 34 F.3d 896, 898(9th Cir. 1994).

Similarly, the Ninth Circuit has upheld defendants' waivers of their statutory right to file 2255 petitions challenging the length of a defendant's sentence. United States v.Pruitt, 32 F.3d 431, 433(9th Cir. 1994), United States v.Abarca, 985 F.2d 1012, 1014 (9th Cir.) cert. denied, 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993).

**CONCLUSION**

Purviance is entitled to what he bargained for, but nothing more. He has no right to a new sentencing simply because he did not like the sentence he received. The records show there were no surprises in his predicted sentencing range. There are no facts nor legal authority that undermine his plea or his knowing and voluntary waiver of his rights to appeal and collaterally attack his sentence. Purviance's waivers are valid and under Ninth Circuit law must be enforced.

Accordingly, his 28 U.S.C. 2255 petition must be dismissed. The government further respectfully requests that the briefing schedule to further respond to Purviance's claims of ineffective assistance of counsel be withheld or stayed pending the disposition of this motion.

RESPECTFULLY SUBMITTED THIS 16th day of June, 2008, at

Anchorage, Alaska.

                      NELSON P. COHEN
                      United States Attorney

                      s/ Audrey J. Renschen
                      Assistant U.S. Attorney
                      222 West 7th Ave., #9, Rm. 253
                      Anchorage, AK 99513-7567
                      Phone: (907) 271-5071
                      Fax: (907) 271-1500
                      E-mail: audrey.renschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2008
a copy of the foregoing was served
electronically on Jerald Lee Brainin

s/ Audrey Renschen