NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BROCK JON PURVIANCE,<br><br>Defendant. | No. 3:06-CR-040-JWS<br><br>**PLEA AGREEMENT** |

## I. Introduction

### A. *Summary*

This brief introduction sets forth a summary of the terms of the plea agreement between the defendant and the United States. This summary is not

intended to supercede the language that follows this subsection. It merely sets forth a summary for the benefit of the court.

The defendant agrees to plead guilty to the Indictment filed in this case, which charges him with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). In exchange for the defendant's plea, the United States agrees not to file any additional charges based on the current investigation, and to recommend an adjustment for acceptance of responsibility.

B. This document contains the complete plea agreement between the United States and the defendant, BROCK JON PURVIANCE. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

C. The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant **may not withdraw** from this agreement if the Court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant, the prosecution, nor the court is bound by the sentencing estimates set forth in this plea agreement.

D. Because this case arises out of conduct occurring after November 1, 1987, the Court will be guided by application of the United States Sentencing Commission Guidelines (U.S.S.G.). However, the sentence calculated by application of the U.S.S.G. is not mandatory.

E. Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II. **What the defendant agrees to do**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A. *Charges*

The defendant is currently charged with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). Pursuant to this written agreement, the defendant agrees to plead guilty to that charge.

B. *Limits on Departures*

The defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority. This section does not prohibit the defendant from arguing for the application of any downward guideline adjustments to the court's sentence calculation, or arguing the factors in 18 U.S.C. §3553(a).

C. *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes the agreed upon sentence, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed – including any forfeiture or conditions of supervised release.

Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence --including forfeiture and supervised release conditions. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

D. *Consequences of the defendant's guilty plea*

The defendant understands the special assessment owed in this case ($100) will be due on the day the court imposes sentence. The defendant understands that upon conviction, he will lose his right to own or possess any firearms, his right to vote, and his right to sit on a jury.

E. *Sentence*

The defendant understands that sentencing in this matter is open. Both the prosecution and the defense are free to argue for any sentence they believe is appropriate.

III. **What the government agrees to do**

A. In exchange for the defendant's plea of guilty to the charge of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), the United States agrees not to file any additional charges against the defendant in the District of Alaska based on the current investigation, as of the date of this agreement. However, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

B. If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he

meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a three level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

C. The United States makes no agreement as to sentencing in this case. Sentencing is open, and parties are free to argue for the sentence they believe is appropriate.

IV. **Advisement of maximum penalties and conditions of sentence**

A. The maximum statutory penalties for Count 1, Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b) are (1) a maximum sentence of 30 years in prison; (2) a $250,000 fine; (3) a $100 mandatory special assessment; and 4) supervised release for any term of years, ~~from 5 years~~ to life (18 U.S.C. §3583(k)).

B. Pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C. Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

D. Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E. The court shall order that the defendant pay restitution pursuant to 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(i).

F. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V. **Guideline applications and sentencing issues**

The parties acknowledge that pursuant to §1B1.11(b)(1) of the United States Sentencing Guidelines, the 2003 edition of the Guidelines manual applies. ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guideline Manual in effect on the date that the offense of conviction was committed [August 18, 2004].")

The parties agree that the Sentencing Guidelines are advisory, and that the defendant's sentence will ultimately depend on the court's consideration of both the Sentencing Guidelines and the factors set forth in 18 U.S.C. §3553(a).

The parties agree that restitution is mandatory under 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(I), and that the specific proposed amounts of victim restitution will be submitted to the defense no later than ten days before sentencing

The parties' estimated calculations are set forth below:

**Count 1 (Sentencing Guidelines effective 11/5/2003)**

**BASE OFFENSE LEVEL PER §2A3.2(a)(1) ............... 24**

**UNDULY INFLUENCED A MINOR §2A3.2(b)(2)(B) ....... +2**

**USE OF INTERNET TO ENTICE §2A3.2(b)(3)(A) ......... +2**

**SUBTOTAL ........................................ 28**

**ACCEPTANCE OF RESPONSIBILITY .................. -3**

**OFFENSE LEVEL .................................. 25**

**NON-BINDING CRIMINAL HISTORY .................. I**

**NON-BINDING**
**ESTIMATED SENTENCING RANGE ...... (57-71 MONTHS)**

**FINE .................................. $12,500-125,000**

## VI. Elements of the offense

In order to sustain a conviction for Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), as charged in Count 1 of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements:

1) the defendant, a then-28-year-old man, traveled in interstate commerce from Colorado to Alaska; and

2) the defendant traveled with the specific intent of engaging in illicit sex with then-15-year-old Jane Doe (i.e., intended to have sexual contact and sexual penetration with a person who has attained the age of 12, but has not attained the age of 16, and was at least four years younger than the defendant).

## VII. Factual Basis for the Plea

The government and the defendant stipulate that the following facts are true and correct, and would be proven at a trial by the United States:

On August 18, 2004, the defendant BROCK JON PURVIANCE, a Colorado resident and then-28-year-old man, traveled to Anchorage, Alaska, to have sexual contact and sexual intercourse with Jane Doe, a then-15-year-old girl.

Purviance met Jane Doe online, in a music chatroom in the summer of 2003, and they began exchanging personal information like age, sex, and location, when he was 27 years old, and she was 13 years old, or had just turned 14 years old. By June of 2004, they communicated daily, either over the telephone, or by computer, and their conversations were sexual. Purviance commented on his interest in someone half his age. After these repeated conversations and messaging with the child, Purviance decided to travel to Alaska during the time that Jane Doe's parents were leaving the state to attend the funeral of a family member who lived in the lower 48. Purviance purchased his airline ticket on August 11, 2004, and actually traveled to Alaska to meet Jane Doe on August 18, 2004, and stayed until August 25, 2004.

Before their in-person meeting, Purviance persistently engaged in online sexual conversations with the child. Purviance discussed having oral and vaginal intercourse with her, and suggested in graphic detail how he could perform those sex acts. Purviance inquired whether she would willingly allow him to penetrate her without a condom. During their online conversations, Purviance also directed the child on masturbation and orgasm.

During the week Purviance traveled to Alaska in 2004, he engaged in sex with the then-15-year-old child on at least three occasions.

VIII. **Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D)(9), this plea agreement envisions open sentencing, and appropriately estimates a sentence within the applicable guideline range, with a reduction for acceptance of responsibility. The sentence to be imposed under the terms of this plea agreement is intended to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

IX. **Defendant's agreement and understanding of the terms of this plea agreement**

I, BROCK JON PURVIANCE, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A. I wish to enter a plea of guilty to Count 1 of the Indictment filed in this case, which charges me with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b).

B. My attorney has explained the charge(s) to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C. I am admitting that the allegations against me in Count 1 of the Indictment and the factual bases for my pleas are true.

D. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt and the forfeitability of my interest in the Forfeiture Assets;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

E. I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes the agreed upon sentence. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence --which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges in the Indictment. My attorney has explained the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated

under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factors under 18 U.S.C. 3553(a) that will affect the sentence calculation in my case. We have also fully discussed the open sentencing agreed upon in my case.

F. I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that the discussions between my attorney and me concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. I understand that if the court deviates from the sentencing recommendations made by either the

United States or my attorney, I cannot withdraw my guilty plea from this agreement, and that I am waiving my right to appeal the court's sentencing decision.

I. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.

J. This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K. I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that I will lose my right to own or possess any firearms, my right to vote, and my right to sit on a jury. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Count 1 of

the Indictment filed in this case, which charges me with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b).

DATED: 9-24-06

BROCK JON PURVIANCE
Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering pleas of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 9/28/06

SUE ELLEN TATTER, Attorney for
BROCK JON PURVIANCE

//

//

//

//

On behalf of the United States, the following accept BROCK JON PURVIANCE's offer to plead guilty under the terms of this plea agreement.

DATED: 9/29/06

AUDREY J. RENSCHEN
Assistant U.S. Attorney

DATED: 9/30/06

NELSON P. COHEN
United States Attorney