United States v. Purviance: 3:06-CR-040-JWS-JDR

Jerald Lee Brainin
Law Offices
P.O. Box 66365
Los Angeles, CA. 90066
Telephone: 310-397-3910
Facsimile: 310-737-1702
email: jbrainin@braintrustusa.com

Attorney for Defendant/Petitioner
Brock Purviance

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA , ) | No. 3:06-cr-00040 -JWS |
| Plaintiff, ) | |
| ) | |
| v. ) | REPLY TO THE GOVERNMENT'S |
| ) | MOTION TO DISMISS DEFENDANT'S |
| BROCK PURVIANCE, ) | 28 U.S.C.§ 2255 PETITION; |
| ) | MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES |
| Defendant. ) | |
| ) | |

Petitioner, Brock Purviance, by and through his appointed counsel of record, hereby submits his reply to the government's motion to dismiss his pending § 2255 motion. He incorporates by reference his January 14, 2008 petition, the supplement to the petition, filed on April 13, 2008, and all accompanying memoranda and exhibits.

United States v. Purviance: 3:06-CR-040-JWS-JDR

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

The government contends that the terms of Purviance's plea agreement

preclude him from challenging his sentence under 28 U.S.C. § 2255. The

government is mistaken.

### A. Petitioner Is Entitled To An Appeal In Order To Perfect His Right To Appeal.

Purviance has claimed that his attorney was ineffective for failing to file a

notice and perfect his right to appeal[1]. In support of this claim, he has filed

declarations stating that he wanted to pursue an appeal and communicated his

intention to his district court counsel[2]. In such cases, prejudice is presumed.

In *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961 (1999), the

Supreme Court reaffirmed its earlier decision in *Rodriguez v. United States*, 395 U.S.

327, 89 S.Ct. 1715 (1969), holding that "…when counsel fails to file a requested

notice of appeal, a defendant is entitled to resentencing and to an appeal without

showing that his appeal would likely have had merit." *Id*., *citing Rodrigeuz,* 395 U.S.

at 329-330 (rejecting Ninth Circuit's requirement that 2255 applicant must show some

likelihood of success on appeal before relief can be afforded); *accord Canales v. Roe*,

151 F.3d 1226, 1229 (9th Cir. 1998)("there is much force in petitioner's argument that

---

[1] See Supplement to Petition, subsection B, pp. 5-7.

[2] See Petition, p. 23; Exh. "A", ¶¶ 18 and 19; Exhs. "I" and "J".

United States v. Purviance: 3:06-CR-040-JWS-JDR

the Supreme Court's decisions [including a citation to *Rodriguez*] together dictate that

prejudice will be presumed when trial counsel fails to file a notice of appeal"); *See*

*United States v. Poindexter,* 492 F.3d 263, 272 (4th Cir.2007)(defendant may raise

ineffective assistance of counsel claim in a § 2255 motion despite having pleaded

guilty pursuant to a plea agreement that included a waiver of § 2255 rights. *Id.* at 272.

If defendant can prove that he communicated his request for an appeal, he is entitled

to § 2255 relief in the form of a new opportunity to appeal his criminal sentence).

Although Purviance need not specify what issues he would have raised to have

his appeal reinstated, he has non-frivolous grounds with which to pursue an appeal[3].

For these reasons as well, he is entitled to have his appeal reinstated. *Roe v. Flores-*

*Ortega*, 528 U.S. 470, 485 (2000); *United States v. Sandoval-Lopez*, 409 F.3d 1193,

1195-1196 (9th Cir. 2005). As was the case in *Sandoval-Lopez,* Purviance explicitly

told his lawyer he wanted to appeal[4]. However, his counsel discouraged him from

doing so and never responded to his further requests to discuss the matter before the

period within which to file a timely notice had expired. *Id*. at p. 1198.

Purviance is therefore entitled to be resentenced and perfect his right to appeal.

*Sandoval-Lopez*, 409 F.3d 1198 ("If a defendant, even one who has expressly

waived his right to appeal, files a habeas petition after sentencing and judgment

---

[3] See Supplement to Petition, pp. 6-12.

[4] See Petition, Exh. "A", ¶¶ 18 and 19; Exhs. "I" and "J".

United States v. Purviance: 3:06-CR-040-JWS-JDR

claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true[5], and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.").

### B. Purviance Has Retained His Right To Appeal Under The Terms Of The Appeal Waiver Clause.

The government makes several assertions in support of its dismissal motion that miss the point: 1) "…Purviance failed at any time to complain about his attorney, and failed to object to the Court's findings on the sentencing adjustments," and 2) "[t]here is simply no mention of the plea agreement waivers in either Purviance's pro se pleadings or those of his attorney." (Mot. At p. 6.)

First, Purviance relied on his attorney to provide him with adequate representation. He is not an attorney; he had no criminal history points at the time of the instant offense, and except for pleading guilty in 2000 for having expired license plates, he lacked both the knowledge and the experience to

---

[5] Since the record does not conclusively establish that Purviance is not entitled to relief, he is entitled to an evidentiary hearing to resolve the issue. *See Blackledge v. Allison*, 431 U.S. 63, 74, fn. 4 (1977).

United States v. Purviance: 3:06-CR-040-JWS-JDR

independently assert legal issues to the court. Second the absence of any mention in Purviance's pleadings of the appeal waiver clause exceptions does not constitute a waiver of their applicability. Finally, there was no need to address the plea agreement waivers until such time as the government decided to invoke them.

Notwithstanding the plea agreement's waiver clause, it either does not apply in this case or Purviance can qualify under the exceptions. First, since he informed his attorney that he wanted to pursue an appeal, he is now entitled to one, notwithstanding the agreement's waiver. *See Sandoval-Lopez*, 409 F.3d at 1198. Second, Purviance qualifies under the exceptions to the plea agreement's waiver clause and has therefore retained his right to appeal for this reason as well. The waiver clause provides that he would retain his right to mount a challenge to

> "… his conviction or sentence alleging ineffective assistance of counsel -- based on information not known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the court imposes sentence."

(Gov. Mot. at p.2.)

Purviance contends that this exception applies to his case because he has alleged the ineffective assistance of his trial counsel on a number of grounds. She failed to file a notice of appeal and failed to adequately present a defense to

United States v. Purviance: 3:06-CR-040-JWS-JDR

the application of the undue influence enhancement, his only defense at sentencing.

Furthermore, at the time of sentencing, he was unaware of critical information that both compromised both his ability to defend against the undue influence enhancement, and had influenced his decision to plead guilty.

1. Purviance had no knowledge, at the time of sentencing, of the contents of JH's second interview with the FBI, which the government failed to disclose to the defense[6], and which Purviance has asserted was a *Brady* violation[7]. JH's statements were essential to his defense against the district court's application of the undue influence enhancement[8]. JH's initial interview statements to the FBI support Purviance's contention that the undue influence enhancement was inappropriately applied in his case. At sentencing, counsel failed to reference the favorable statements JH gave the FBI during her first interview, failed to reference the letters from JH to Purviance, which illustrated a knowing and consensual relationship[9], and failed to challenge the government's failure to produce her statements during the second interview.

_____

[6]  See Supplement to Petition, Exh. "L", pp. 1-2.

[7]  See Supplement To Petition, pp. 12-13.

[8]  See Petition, Exh. "B"

[9]  See Petition, Exhs. "D" and "F".

United States v. Purviance: 3:06-CR-040-JWS-JDR

2. Purviance was not informed until a couple of days before sentencing that his attorney had reversed her previously expressed intention and decided not to subpoena JH to testify at sentencing, despite his expressed demands that she be called[10]. Purviance believed that her presence and testimony at the hearing would be favorable and was absolutely essential for his only defense against the application of the undue influence enhancement[11]. *See United States v. Bitsilly*, 386 F.Supp.2d 1192, 1196-1197 (D.C.N.M., 2005). He told counsel that he did not want her to disparage JH's character at sentencing[12]. Had Purviance known counsel was not going to call JH to testify, but going to question her character, and had he understood that he could have requested new counsel based on the existence of an irreconcilable conflict with counsel, he would have asked the court for a new attorney to represent him at sentencing[13].

Counsel was obligated to inform the court of this conflict at sentencing, which would have given Purviance an opportunity to request substitute counsel

---

[10]  See Supplement To Petition, Exh. "K".

[11]  See Supplement To Petition, pp. 7-12; *See United States v. Hamm*, 281 F.Supp.2d 929, 930 (W.D.Ky., 2003); *accord United States v. Mitchell*, 353 F.3d 552, 554 (7th Cir. 2003).

[12]  See Petition, Exh. "A", ¶ 17.

[13]  See Supplement To Petition, pp. 14-16; Exh. "K".

United States v. Purviance: 3:06-CR-040-JWS-JDR

before proceeding with the sentencing hearing[14]. Counsel did not reveal this conflict to the court. Her post-sentence admission that *not* calling JH was "probably an appealable issue" supports Purviance's claim that an irreconcilable conflict existed, and that counsel's ineffective assistance at sentencing undermined any confidence in the proceeding[15].

3. Prior to sentencing, Purviance asked his attorney to request a recommendation to the Bureau of Prison's Residential Drug and Alcohol program; this did not happen[16].

4. Purviance did not and could not have known that his attorney would fail to challenge the Special Conditions of supervised release that will subject him to both plethysmograph and polygraph testing in violation of his constitutional right to privacy and right to remain silent.

For all of these reasons, Purviance qualifies under the exceptions to the plea agreement's appeal waiver clause and may challenge in sentence.

## IV
## CONCLUSION

Since the facts and allegations set forth in Purviance's pro se petition and

---

[14] See Supplement To Petition, p. 15, n. 6, citing Alaska Rules of Professional Conduct, Rule 1.7.

[15] See Petition, Exh. "A", ¶ 18.

[16] See Petition, Exh. "A", ¶ 16.

United States v. Purviance: 3:06-CR-040-JWS-JDR

supplement are sufficient to prove that he received ineffective assistance from his trial

counsel, which was based on critical information he did not have at the time of

sentencing, his right to collaterally challenge his sentence has been preserved. This

court should therefore reject the government's motion to dismiss and schedule a

resentencing hearing. *United States v. Sandoval-Lopez*, 409 F.3d at 1195-1196;

*Rodrigeuz,* 395 U.S. at 329-330.

DATED: July 23, 2008                              Respectfully submitted

                                                  _____/s/_____
                                                  Jerald Brainin, Attorney for
                                                  Petitioner Brock Purviance

United States v. Purviance: 3:06-CR-040-JWS-JDR

## DECLARATION OF SERVICE

I, Jerald Brainin, declare that I am over eighteen years of age and not a party to the within cause; my business address is, P. O. Box 66365, Los Angeles California, 90066. I served a true copy of the attached REPLY TO GOVERNMENT'S MOTION TO DISMISS PETITIONER'S 2255 PETITION AND SUPPLEMENT on each of the following by electronic filing on July 23, 2008.

Audry Renschen
Assistant United States Attorney
222 West Seventh Ave. #9, Rm 253
Anchorage, AK 99513-7567


I declare under penalty of perjury that the foregoing is true and correct. Executed on July 23, 2008 at Los Angeles, California.

_____/s/_____

Jerald Brainin