NELSON P. COHEN
United States Attorney

AUDREY RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: audrey.renschen@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | Case No. 3:06-CR-040-JWS |
| ) | |
| Plaintiff,   ) | **GOVERNMENT'S RESPONSE** |
| ) | **TO DEFENDANT'S § 2255** |
| vs.   ) | **MOTION at DOCKET 121** |
| ) | |
| BROCK JON PURVIANCE,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

COMES Now Plaintiff, the United States of America, and responds to defendant's § 2255 motion. The defendant has filed a § 2255 motion alleging several reasons why he should be re-sentenced. One of these reasons, which was further stressed in the defendant's Reply to the Government's Motion to Dismiss

Defendant's 28 U.S.C. § 2255 Petition, is that the defendant's district court attorney, Ms. Sue Ellen Tatter, allegedly ignored his repeated demands for an appeal. The defendant, having signed a plea agreement, has waived his right to appeal or collaterally attack his sentence except on specific and limited grounds.

The defendant's allegation that he demanded an appeal from his counsel, who did not file a notice of appeal, is a different claim than the defendant's other § 2255 claims because its veracity will affect the form of the defendant's other claims. The government has determined that, at this time, it would be improper to address the applicability of the plea agreement waiver of appeal rights or the merits of the defendant's appeal. These issues should not be addressed until the District Court determines, in a limited evidentiary hearing, whether or not the defendant demanded an appeal from his trial counsel. If this claim is true, the government concedes that the defendant's sentence should be re-entered and the defendant should be given a new ten day period of time to appeal. If this point is reached, the government will then invoke the waiver of appellate rights agreed to by the defendant. If, as the defendant claims, his appeal is not precluded by the binding agreement he signed, only then will the government address the merits of the defendant's appeal.

The government contends that it would be improper to address the applicability of the plea agreement's waiver of appellate rights or the merits of the defendant's appeal before these are properly due before the court. Because the defendant has made more than a mere claim that he demanded an appeal from his district court counsel, he is entitled to an evidentiary hearing. This hearing is necessary because the government contends that the defendant did not demand an appeal from his district court counsel, Ms. Sue Ellen Tatter. The holding in <u>United States v. Sandoval-Lopez</u> directly addresses this issue:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

<u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193, 1198-99 (9th Cir. 2005). Here, because the government does object to the defendant's claim that he demanded an appeal, an evidentiary hearing should be held.

The government has attached an affidavit from defendant's trial court counsel, Ms. Tatter. Exhibit A.  This affidavit details Ms. Tatter's post-sentencing consultation with the defendant about his appeal rights.  Ms. Tatter is an experienced defense attorney who understands her duties and is well-respected in the local law community.  As seen in Roe v. Flores Ortega, past courts have looked at the experience and reputation of the defense counsel in finding that the defendant did not request an appeal.  Roe v. Flores Ortega, 528 U.S. 470, 475 (2000).

Ms. Tatter's affidavit, which is backed by a respected reputation, is also bolstered by objective evidence showing that a reasonable defendant would likely not have asked for an appeal.  The factors discussed by the court in Flores-Ortega lay out the objective evidence looked at when determining whether a rational defendant would want an appeal.  Id. at 480. While these factors are not conclusive because the defendant could have abandoned rationality and asked for an appeal, the factors still provide reliability to Ms. Tatter's recollection of events.  As the Court in Flores-Ortega noted:

> A highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.  Even in cases when the defendant pleads guilty, the court must consider such

> factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in appeal.

Id. at 480.

Here, the defendant had signed a plea agreement that included a waiver of the right to appeal. While the waiver did allow the defendant to appeal a limited numbers of issues if certain circumstances were met, the defendant did not reserve the right to appeal any specific decisions made by the district court as is often done in plea agreements. Furthermore, the defendant was sentenced to 71 months, which was in the range predicted by the government in the plea agreement signed by the defendant. The defendant was also given the 3 level reduction that the government said would apply if he complied with the U.S.S.G. § 3E1.1 criteria. While this objective evidence does not prove that the defendant did not ask for an appeal, it does reinforce Ms. Tatter's testimony that an appeal was never requested because it shows that the defendant must have been acting unreasonably by seeking an appeal.

The defendant is correct in stating that he is not required to show non-frivolous grounds for appeal if he actually did demand that his attorney appeal. However, the defendant overstates his case by stating that he does have legitimate grounds for appeal. Without going to great lengths to address the applicability of the waiver of appellate rights or the merits of the defendant's claims (since this is not the correct stage for addressing either), it is important to briefly note that they are not as conclusive as he asserts.

First, as noted in this brief, defendant's claim that he demanded an appeal but his district court attorney did not follow through on the demand is tenuous.

Second, the rest of his grounds for appeal are likely precluded based on the waiver of appellate rights that he agreed to in the plea agreement.

Third, the defendant's claim that the victim should have been forced to testify at the sentencing would have likely increased his sentence rather than reducing it. The defendant claims that having the victim testify would have countered the presumption of undue influence of a minor that was applied at sentencing. If he was correct on this issue (and there is ample evidence to the contrary), then the government would have recommended against the 3 point acceptance of responsibility reduction that was included in the guideline calculation because subjecting the victim to such a proceeding would not have been in accordance with

an acceptance of responsibility. Therefore, if defense counsel had presented testimony from the victim, the defendant could have potentially faced a sentencing increase.

Fourth, the defendant's claim is frivolous because if he was successful, he might face a longer sentence because of a possible upward departure. Ms. Tatter noted that she was worried that if they successfully appealed the defendant might receive a longer sentence because of new evidence about the defendant's relationship with another person during his relationship with the victim in this case. Since the defendant repeatedly claimed that he was in love with the victim (and stills claims this in the current motion (See Supplement to Petition page 12)), evidence of the defendant's concurrent sexual relationship with another person would have likely rebutted the defendant's claim of genuine love for the victim. As Ms. Tatter feared, this could have warranted an upward sentencing guideline departure by the district court judge.

In sum, this court should hold an evidentiary hearing to determine, as a matter of fact, whether the defendant did demand an appeal from his attorney. This determination should be based on a credibility judgment by the court.

The government reiterates that it has not waived its right to challenge the defendant's ability to appeal based on his plea agreement waiver of appeal and

collateral attack rights or on the merits of his appeal. Because the correct medium for the defendant's appeal will be determined based on this factual determination by the court, this evidentiary hearing is necessary before the government can properly respond to the defendant's request for relief.

RESPECTFULLY SUBMITTED this 15th day of August, 2008, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.renschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2008
a copy of the foregoing was served
electronically on Jerald Lee Brainin

s/ Audrey Renschen