United States v. Purviance: 3:06-CR-040-JWS-JDR

Jerald Lee Brainin
Law Offices
P.O. Box 66365
Los Angeles, CA. 90066
Telephone: 310-397-3910
Facsimile: 310-737-1702
email: jbrainin@braintrustusa.com

Attorney for Defendant/Petitioner
Brock Purviance

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 3:06-cr-00040 -JWS |
| Plaintiff, | ) |
| | ) DEFENDANT'S REPLY TO |
| v. | ) THE GOVERNMENT'S RESPONSE TO |
| | ) DEFENDANT'S REPLY TO |
| | ) THE GOV'S MOTION TO DISMISS |
| BROCK PURVIANCE, | ) HIS PENDING 28 U.S.C.§ 2255 |
| | ) MEMORANDUM OF POINTS |
| | ) AND AUTHORITIES |
| Defendant. | ) |
| | ) |

Petitioner, Brock Purviance, by and through his appointed counsel of record, hereby submits his reply to the government's response to his reply to the government's motion to dismiss his pending § 2255 motion. He incorporates by reference his January 14, 2008 petition, the supplement to the petition, filed on April 13, 2008, his previous pleadings and all accompanying memoranda and exhibits.

United States v. Purviance: 3:06-CR-040-JWS-JDR

  The government concedes that Purviance is entitled to an evidentiary hearing to determine whether he should be afforded an opportunity to perfect his right to appeal, but argues that the hearing should be limited to whether or not the defendant demanded an appeal from his trial counsel, and the case should then proceed to an appeal. (Gov. Resp. pp. 2, 7.) Purviance disagrees. Given the time constraints applicable to his case, and in order to conserve judicial resources, he requests that the district court expedite the litigation of his pending 2255 motion by ordering the government to promptly respond to the merits of the petition and thereafter define the scope of and order a single, all inclusive evidentiary hearing.

  The district court sentenced Mr. Purviance to the high end of the advisory guideline range corresponding to offense level 25 (57-71 months), or to 71 months. His current expected release date is scheduled for July 17, 2011, or less than three years away.

  Purviance's petition raises substantial issues regarding the adequacy of his district court counsel's representation at sentencing and the propriety of the district court's imposition of a two level undue influence enhancement. If the

United States v. Purviance: 3:06-CR-040-JWS-JDR

district court were to agree with Purviance's claims and grant his request for resentencing, there is a possibility he could be resentenced at offense level 23, within an advisory range of 46-57 months. If the sentencing court were then to impose a 57 month, high end sentence, Purviance could have 14 months shaved off of his current term of imprisonment.

If, on the other hand, this court follows the government's suggestion and orders a limited evidentiary hearing to litigate whether Purviance is entitled to perfect his right to appeal, his pending 2255 motion could be held in abeyance until the completion of the appeal, which even if expedited, could consume 6-9 months. The government's procedural recommendation could, moreover, potentially result in two evidentiary hearings and two appeals, an unnecessary waste of judicial resources.

"A district court *should not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." *Feldman v. Henman,* 815 F.2d 1318, 1320 (9th Cir.1987) (as amended), and *United States v. Deeb,* 944 F.2d 545 (9th Cir.1991)(emphasis in original); *see also Deeb,* 944 F.2d at 548; Rules Governing § 2255 Proceedings in the District Courts, Rule 5, Adv. Comm. Notes (" 'We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes

United States v. Purviance: 3:06-CR-040-JWS-JDR

considering such a motion absent extraordinary circumstances." ' (quoting *Womack v. United States,* 395 F.2d 630, 631 (D.C.Cir.1968))).

For these reasons, Mr. Purviance respectfully requests that this court expedite the litigation of his pending section 2255 motion and convene a single evidentiary hearing to address whatever issues it deems appropriate. In the alternative, he believes that the time considerations discussed above, in any event, qualify as extraordinary and would justify this court's consideration of his section 2255 motion, notwithstanding a contemporaneously pending appeal.

DATED: August 26, 2008          Respectfully submitted

                                                          _____/s/_____
                                                          Jerald Brainin, Attorney for
                                                          Petitioner Brock Purviance

United States v. Purviance: 3:06-CR-040-JWS-JDR

DECLARATION OF SERVICE

    I, Jerald Brainin, declare that I am over eighteen years of age and not a party to the within cause; my business address is, P. O. Box 66365, Los Angeles California, 90066. I served a true copy of the attached PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO PETITIONER'S REPLY TO THE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S 2255 PETITION on each of the following by electronic filing on August 26, 2008.

Audry Renschen
Assistant United States Attorney
222 West Seventh Ave. #9, Rm 253
Anchorage, AK 99513-7567

    I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2008 at Los Angeles, California.

                                    _____/s/_____

                                    Jerald Brainin